# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201,<br><br>**Plaintiff,**<br><br>v.<br><br>**Bay Country Professional Concrete, LLC,**<br>3900 Goose Harbor Rd.<br>Baltimore County, MD 21220<br><br>**Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Katherine Forsythe ("Forsythe") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Bay Country Professional Concrete, LLC ("Bay Country") unlawfully discriminated against Forsythe by subjecting her to racial harassment and retaliated against her by discharging her for engaging in the protected activities of complaining of racial harassment and of opposing discriminatory employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant Bay Country, a Maryland Limited Liability Company, has continuously been doing business in the State of Maryland, Baltimore County and has continually had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g), and (h).

6. At all relevant times, Defendant employed Forsythe within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Forsythe filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On June 27, 2019, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. On July 3, 2019, the Commission issued Defendant a conciliation proposal inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On August 27, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least July 2017, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(l) by subjecting Forsythe to racial harassment.

    a. In or around July 2017, Forsythe began working for Defendant as a secretary.

      b.      Forsythe is White but was raised by an African American foster-family with whom she has formed a life-long familial relationship.

      c.      Owner Mark Goloboski was Forsythe's supervisor.

      d.      Beginning in or around August 2017, Goloboski began using the slur "nigger" in Forsythe's presence.

      e.      Forsythe complained to Goloboski about his use of the slur "nigger." She explained to him that the slur was offensive and shared that her family is African American.

      f.      Goloboski said that he would stop using the slur but continued to use it.

      g.      On or around August 17, 2017, Goloboski used the slur "nigger" during a staff meeting. With other members of the staff present, Forsythe immediately complained to Goloboski about his use of the slur.

      h.      Following the staff meeting on or about August 17, 2019, Goloboski escalated his use of racist language. He continued to use the slur "nigger" and referred to the crews working under him as his "slaves."

      i.      On or around August 31, 2017, after Goloboski learned that Forsythe was having an argument with her African American sister, he told her that her sister's behavior was typical for "niggers." During the conversation he used the slur repeatedly.

      j.      Goloboski continued to use the slur until Defendant terminated Forsythe's employment on or about October 3, 2017.

15.      Since at least August 2017, Defendant has engaged in unlawful employment practices in violation of Section 704(a)(l) of Title VII, 42 U.S.C. § 2000e-3(a)(l). These

practices include taking adverse action against Forsythe and terminating her in retaliation for complaining of racial harassment and opposing discriminatory employment practices:

    a.    On or about August 17, 2017 Forsythe complained to Goloboski about his use of the slur "nigger' during the meeting described in paragraph 14(g) above.

    b.    Immediately after the meeting described in paragraph 14(g), Goloboski told Forsythe that he would terminate her employment if she ever again complained to him in front of other staff about his use of racist language.

    c.    Also following the meeting described in paragraph 14(g), Goloboski escalated his use of racist language, which Forsythe had explained to him was offensive.

    d.    Further following the meeting described in paragraph 14(g), Goloboski assigned Forsythe tasks which were impossible to complete, such as changing the content of third-party websites, finding a local source for specialized products that are only available online and knowingly sending her to a store to pick up an item that had been ordered for pick up at another store.

    e.    Forsythe's performance of her regular job duties was at all times acceptable and she was meeting her employer's legitimate expectations.

    f.    On or about October 3, 2017, Defendant terminated Forsythe's employment for complaining of racial harassment and opposing discriminatory employment practices.

16.    The effect of the practices complained of above in Paragraphs 14 and 15 has been to deprive Forsythe of equal employment opportunities.

17.    The unlawful employment practices complained of above were intentional.

18.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Forsythe.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment based on race and from engaging in reprisal or retaliation against any person who engages in protected activity under Title VII;

B.     Order Defendant to institute and carry out policies, practices, and programs which prevent harassment based on race and prohibit reprisal or retaliation against any person who engages in protected activity under Title VII;

C.     Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not tolerate harassment based on race and that Defendant will not take any action against employees because they have exercised their rights under Title VII;

D.     Order Defendant to make Forsythe whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E.      Order Defendant to make Forsythe whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 and 15 above;

F.      Order Defendant to make Forsythe whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G.      Order Defendant to pay Forsythe punitive damages for its callous indifference to her federally protected right to be free from race-based harassment and from retaliation for engaging in activities protected by Title VII;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/S
_____
DEBRA M. LAWRENCE

Regional Attorney

/S
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S
_____
ERIC S. THOMPSON
Trial Attorney

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270